IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAROLYN HALL,<br>    *Plaintiff*,<br><br>v.<br><br>SHEPPARD PRATT<br>HEALTH SYSTEMS, INC.,<br>    *Defendant* | Civil Action No. ABA-22-3261 |

**MEMORANDUM OPINION**

Plaintiff Carolyn Hall commenced this action against her former employer, Defendant Sheppard Pratt Health Systems, Inc. ("Sheppard Pratt"), alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Pending before the Court are two motions: a motion by Ms. Hall for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), ECF No. 27, and a motion by Sheppard Pratt for summary judgment pursuant to Rule 56. ECF No. 32. The Court will address Sheppard Pratt's motion in short order. This memorandum and order addresses Ms. Hall's motion. The issues are fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court will deny the motion for judgment on the pleadings.

**I.**     **BACKGROUND**[1]

For more than a decade, Ms. Hall worked for Sheppard Pratt as a health care professional. ECF No. 1 ("Compl.") ¶¶ 16-18, 51. Most recently, she was an Admissions Coordinator in Sheppard Pratt's Center for Eating Disorders, working alongside patients, families, and hospital

---

[1] The following factual background is drawn from Ms. Hall's complaint, ECF No. 1, and Sheppard Pratt's answers, ECF Nos. 9 & 35, the well-pled allegations of which must be accepted as true for purposes of Ms. Hall's motion for judgment on the pleadings, as discussed below.

staff. *Id*. ¶¶ 19, 20. Prior to August 31, 2021, Sheppard Pratt announced what Ms. Hall calls an "informal vaccination policy." *Id.* ¶ 26. On August 30 or 31, 2021, she submitted a request for an exemption from that policy. *Id.* She stated the following as the basis for her exemption request:

> My belief is that my body is a sacred temple belonging to my Creator, God. I bear responsibility to refrain from potential harm such as the COVID vaccine. Additionally, God alone is the giver + taker of life. I object to the use of fetal cells for any reason including the research of COVID 19 vaccines.

ECF No. 1-1; *see also* Compl ¶ 26–28; *see* ECF Nos. 1-1, 1-2.

Later, a more formal vaccination policy was issued, in November 2021. Compl. ¶ 35. That policy provided, among other things, as follows:

> In recognition of the essential and critical nature of Sheppard Pratt's work, we must hold ourselves to the highest standards of preventive health measures. As such, Sheppard Pratt has a responsibility to promote employee safety and prevent the spread of infectious diseases, including COVID-19. Meeting all aspects of this policy is a condition of working at our Facility as an employee, volunteer, or contractor (all of whom will be referred to collectively in this policy as "staff"".
>
> **Requirements of Vaccination**
>
> In order to conform with applicable federal and state requirements, including the Maryland Secretary of Health's Amended Directive and Order Regarding Vaccination Matters dated August 18, 2021, recommendations from the Center for Disease Control and Prevention (CDC), and to help staff and the community reduce transmission of Covid-19, all staff are required to be vaccinated or have an approved exemption.
>
> All staff, newly hired and otherwise must be compliant with the vaccination policy as a condition of employment.
>
> Noncompliant staff will be met with individually and will exit employment. If the individual becomes compliant by either being vaccinated or by obtaining an approved medical or religious exemption before the last day of work, employment may continue.

ECF No. 1-3 at 5; *see also* Compl. ¶ 35; ECF No. 9 ("Answer") ¶ 35.

For employees with legitimate reasons for noncompliance, the vaccination program included medical and religious exemptions. Compl. ¶¶ 25, 53; ECF No. 1-3 at 7. Approval of these exemptions was not guaranteed, however. Requests were reviewed on a case-by-case basis; Sheppard Pratt expressly retained the authority to "determine that the risk posed by an unvaccinated staff member cannot be mitigated and/or constitutes an 'undue hardship' under state and federal law." ECF No. 1-3 at 7.

About two months after she had submitted her request for exemption in August 2021, Ms. Hall attended a virtual meeting with Sheppard Pratt leadership on October 14, 2021, to discuss her submission. Compl. ¶ 29. Although Sheppard Pratt insisted that it "did not question the bona fides of [Ms. Hall's] stated religious beliefs," it denied her exemption request, concluding that her continued employment would create undue hardship, and advised Ms. Hall that further refusal to become vaccinated would result in her dismissal. ECF No. 1-3 at 7; Compl. ¶¶ 48, 60, 61. Because her religious exemption request was denied and she refused to take the vaccine, Ms. Hall's employment was terminated in November 2021. Compl. ¶¶ 61, 62.

In December 2022, Ms. Hall commenced the instant action, alleging unlawful religious discrimination based on Sheppard Pratt's purported failure to accommodate her religious beliefs. *Id*. ¶ 66. She further alleged that Sheppard Pratt failed to consider mask-wearing and weekly testing in lieu of vaccination, which was her proposed accommodation. *Id*. ¶ 67.

Sheppard Pratt timely filed a responsive pleading denying the allegations and asserting undue hardship as an affirmative defense to her claims, among other defenses. *See* Answer. Before the close of discovery, Ms. Hall filed a Motion for Judgment on the Pleadings, ECF No. 27, contending that on the face of the competing pleadings—Ms. Hall's complaint and Sheppard

Pratt's answer—Sheppard Pratt cannot show that accommodating her religious exemption request would cause undue hardship as set forth in *Groff v. DeJoy*, 600 U.S. 447 (2023).

After briefing on Ms. Hall's motion for judgment on the pleadings was complete, Sheppard Pratt filed an amended answer with leave of court. ECF No. 35 ("Am. Answer"). The only change was to add Affirmative Defense No. 14: "Pursuant to 42 U.S.C. § 2000e-12(b), Defendant relied in good faith on EEOC written interpretations adopting the more than de minimis standard set forth in *Trans World Airlines v. Hardison*, 432 U.S. 63, 74 (1977) in determining that granting [Ms. Hall's] religious exemption request would have posed an undue hardship." *See* ECF No. 31-3 at 12 (redline version); Am. Answer at 12.[2]

## II. STANDARD OF REVIEW

A party may move for judgment on the pleadings after the pleadings are closed, so long as the motion is made early enough so as not to delay trial. Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6)." *Green v. Sw. Credit Sys., L.P.*, 220 F. Supp. 3d 623, 624 (D. Md. 2016) (citing *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009)). But "[i]n cases where a plaintiff has moved for judgment on the pleadings, courts have held that '[a] Rule 12(c) Motion requires that all pleadings—not just the Complaint—be considered.'" *Trice v. Oliveri & Assocs., LLC*, No. 19-cv-3272-GLR, 2022 WL 36451, at *8 (D. Md. Jan. 4, 2022) (quoting

---

[2] Neither party has addressed which answer would be the proper responsive pleading to consider with respect to Ms. Hall's motion. But the Court need not reach that question because, as explained below, Ms. Hall cannot establish liability on the face of the pleadings as a matter of law, given the facts and affirmative defenses alleged in Sheppard Pratt's original answer, which must be accepted as true at the pleadings stage. The Court below treats the original answer as the pertinent responsive pleading for adjudicating the present motion; considering Affirmative Defense 14 would only provide further grounds for denying the motion.

*Volvo Fin. Servs. v. JRD Contracting, Inc.*, No. 17-cv-0089-WS-B, 2017 WL 8941065, at *3 (S.D. Ala. July 7, 2017)).

The Court must assume "all well-pled facts" as set forth in Plaintiff's complaint, and Defendant's answer, are true, and draw all reasonable inferences in favor of the non-moving party. *Id.* at *5 (quoting *Language Doctors, Inc. v. MCM 8201 Corporate, LLC*, No. 20-cv-1755-PWG, 2021 WL 718940, at *3 (D. Md. Feb. 24, 2021)). Thus, "a plaintiff is entitled to judgment on the pleadings only where the *undenied* facts set forth in the complaint (considered alongside material allegations of fact in the answer) establish the defendant's liability." *Id*. at *8 (emphasis added).

Because the allegations in both parties' pleadings must be accepted as true when deciding a Rule 12(c) motion, where a defendant has denied allegations that would be required to be proven for a plaintiff to prevail, or has asserted affirmative defenses that, if proven, would defeat a plaintiff's claims, a plaintiff's motion for judgment on the pleadings must be denied. *See, e.g.*, *Davis v. Reliance Test & Tech., LLC*, No. 22-cv-1760-DKC, 2024 WL 83347, at *3 (D. Md. Jan. 8, 2024) (denying plaintiff's motion for judgment based on defendant's denial of material facts establishing liability and assertion of an affirmative defense).

### III.   ANALYSIS

Title VII prohibits an employer from taking adverse employment action against an individual "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a). Plaintiffs may assert claims for religious discrimination based on an employer's disparate treatment or failure to accommodate. *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1017 (4th Cir. 1996). Ms. Hall brought this case based on an alleged failure to accommodate. Compl. ¶ 66.

An employer has a general duty to "make reasonable accommodation for the religious observances of its employees." *EEOC v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008); *see* 42 U.S.C. § 2000e(j). To establish that Sheppard Pratt violated this duty, Ms. Hall must show that: (1) she has a bona fide religious belief that conflicts with a job requirement; (2) she informed Sheppard Pratt of this belief; and (3) she was disciplined for failure to comply with the job requirement. *Firestone Fibers*, 515 F.3d at 312. But satisfying that prima facie case does not necessarily entitle Ms. Hall to relief. "If the employee establishes a prima facie case, the burden then shifts to the employer to show that it could not reasonably accommodate the plaintiff's religious needs without undue hardship." *Id*. Whether an employer's rationale for denying an employee's requested accommodation constitutes an "undue hardship" depends on whether the burden "is substantial in the overall context of an employer's business." *Groff*, 600 U.S. at 468.

Because Ms. Hall has requested judgment on the pleadings, it is not enough for her to state a claim for religious discrimination on which relief *could* be granted. Rather, she must prove discrimination on the basis of religion—*i.e.*, that she is *entitled* to relief, as a matter of law—notwithstanding the presumed truthfulness of Sheppard Pratt's denials and allegations. Although stating a prima facie case is not necessary to survive a motion to dismiss, *see McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.,* 780 F.3d 582, 585 (4th Cir. 2015), her burden here, as a plaintiff moving for judgment under 12(c), includes overcoming Sheppard Pratt's affirmative defenses; that means she must establish, on the basis of the pleadings alone, that Sheppard Pratt could have approved her requested vaccination exemption without undue hardship.

Ms. Hall has indeed alleged facts that, if true, state a prima facie failure-to-accommodate claim. She alleges that, in her application for exemption, she informed Sheppard Pratt that its policy requiring vaccination against COVID-19 for certain categories of employees conflicted with her religious beliefs. Compl. ¶¶ 55, 58; ECF No. 1-1. She also alleges that, while not disputing the sincerity of those beliefs, Sheppard Pratt eventually denied her request for exemption and terminated her employment for refusing to take the vaccine. Compl. ¶¶ 61, 62.

But on a Rule 12(c) motion, just as the Court must accept *her* well-pled allegations as true, the Court must also accept *Sheppard Pratt's* well-pled denials, allegations, and affirmative defenses as true as well. And here, Sheppard Pratt has both denied discriminating against Ms. Hall and raised undue hardship as an affirmative defense. *See e.g.*, Answer ¶¶ 8, 16, 20, 34, 61, 64. Sheppard Pratt has expressly asserted, among other denials and defenses, that granting Ms. Hall a religious exemption would have substantially burdened its operations by threatening the safety of its patients. It "was not able to grant [Ms. Hall's] religious exemption to its vaccination policy," Sheppard Pratt contends, "because such an accommodation would have posed an undue hardship." Answer ¶ 61. Sheppard Pratt repeats this contention, as Affirmative Defense No. 4, alleging that it "was unable to grant [Ms. Hall] a religious exemption to its vaccination policy because doing so would have constituted an undue hardship." *Id*. at 10. Sheppard Pratt maintains that an unvaccinated Ms. Hall could not perform the essential duties of her job without creating a safety risk to the vulnerable hospital patients being treated at the hospital's Center for Eating Disorders. *See, e.g., id*. ¶ 60. ("[Ms. Hall's] exemption request was denied because her job duties included in person admissions intake, assessment, and triage, speaking to other staff in person, and concierge customer service . . . providing an accommodation would have been more than a

*de minimis* burden."). *See also* Answer ¶ 42. This position is reinforced by Sheppard-Pratt's assertion of Affirmative Defense 14, as noted above.

As discussed above, an employer's showing that a given policy or refusal of an employee's accommodation request constitutes an "undue hardship" defeats a claim of religious discrimination. *See* 42 U.S.C. § 2000e(j); *see also Groff*, 600 U.S. at 471. The *undenied* material allegations in Ms. Hall's complaint do not conclusively establish that Sheppard Pratt is liable for religious discrimination, in part because Sheppard Pratt has asserted, in its answer (and further in its amended answer) that accommodating Ms. Hall's religious needs constituted an undue hardship. The Court does not resolve at this stage whether the circumstances Sheppard Pratt alleges in *fact* qualify as an undue burden within the meaning of *Groff*. But under the relevant legal standard, and drawing all inferences in favor of Sheppard Pratt, Sheppard Pratt's allegations with respect to undue hardship mean Ms. Hall is not entitled to judgment on the pleadings.

## IV.    CONCLUSION

For the reasons stated above, Ms. Hall's motion for judgment on the pleadings, ECF No. 27, is DENIED. A separate order will follow.


Date:   March 29, 2024                                    /s/
                                                    Adam B. Abelson
                                                    United States Magistrate Judge